**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**WESTCODE, INC.,**

                          **Plaintiff,**

    vs.                                          **3:15-cv-1474
                                                        (MAD/DEP)**

**MITSUBISHI ELECTRIC CORPORATION,**

                          **Defendant.**
_____

**APPEARANCES:**                                                  **OF COUNSEL:**

**HANCOCK ESTABROOK, LLP**              **JOHN G. POWERS, ESQ.**
100 Madison Street, Suite 1500             **ASHLEY D. HAYES, ESQ.**
Syracuse, New York 13221-4976
Attorneys for Plaintiff

**PHILLIPS, CAMPBELL LAW FIRM**     **PATRICK C. CAMPBELL, JR., ESQ.**
314 North Middletown Road
Lima, Pennsylvania 19037
Attorneys for Plaintiff

**JENNER, BLOCK LAW FIRM**             **CATHERINE L. STEEGE, ESQ.**
Clark Street, Chicago Office                 **JOEL T. PELZ, ESQ.**
353 North Clark Street                         **TERRENCE J. TRAUX, ESQ.**
Chicago, Illinois 60654
Attorneys for Defendant

**JENNER, BLOCK LAW FIRM**             **WILLIAM C. PERICAK, ESQ.**
District of Columbia Office
1099 New York Avenue - Suite 900
Washington, D.C. 20001
Attorneys for Defendant

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

## I. INTRODUCTION

On May 5, 2015, Westcode, Inc. ("Westcode") commenced the instant action, Case No. 15-cv-1474 (the "JVA Action"), in the Court of Common Pleas, Chester County, Pennsylvania, against Mitsubishi Electric Corporation ("Mitsubishi") seeking a declaratory judgment pursuant to the Pennsylvania Declaratory Judgments Act, 42 Pa.C.S.A. § 7351 *et seq.* *See* Dkt. No. 1 at 12-19.[1]  On April 27, 2015, Mitsubishi commenced Case No. 15-cv-505 in this Court asserting a breach of contract claim against Westcode (the "MOU Action"). *See* 15-cv-505, Dkt. No. 1. Mitsubishi removed the instant action to the District Court for the Eastern District of Pennsylvania on May 27, 2015. *See* Dkt. No. 1 at 7. The case was transferred to this Court on December 11, 2015. *See* Dkt. Nos. 32, 33. In a Memorandum-Decision and Order dated July 11, 2016 (the "Prior Decision"), this Court denied Mitsubishi's motion to compel arbitration. *See* Dkt. No. 69. On July 25, 2016, Mitsubishi filed a motion for reconsideration of the Prior Decision. *See* Dkt. No. 70. Westcode opposes that motion. *See* Dkt. No. 72.

## II. BACKGROUND

The Court assumes the parties' familiarity with the background of this case, as outlined in the Prior Decision.

## III. DISCUSSION

**A.    The Parties' Contentions**

Mitsubishi makes several arguments as to why the Court should reconsider the Prior Decision. First, Mitsubishi claims that the Court misapplied the law of wavier when it found that Mitsubishi waived its right to enforce arbitration provisions against Westcode. *See* Dkt. No. 70-1 at 4. Specifically, Mitsubishi argues that it did not intentionally waive its right to arbitrate claims

---

[1] All citations will be to the docket of Case No. 3:15-cv-1474, unless otherwise noted. Citations to the docket of the related Case No. 3:15-cv-505 will be cited as "15-cv-505, Dkt. No. __."

2

arising from the Memorandum of Understanding ("MOU") because Mitsubishi did not know that the MOU was subject to the arbitration provisions in the Joint Venture Agreements ("JVAs"). *See id.* at 5. Mitsubishi claims that its conduct in the MOU Action was consistent with its "well-founded belief" that any claims arising out of the MOU were non-arbitrable. *See id.* at 6. Mitsubishi further argues that the Court should not have considered the actions that Mitsubishi took to litigate its MOU claims when finding that Mitsubishi's conduct constituted waiver. *See id.* at 8.

Second, Mitsubishi argues that Westcode has not suffered any prejudice as a result of Mitsubishi's pursuit of litigation in the MOU Action. *See id.* at 10. Mitsubishi claims that any information disclosed by Westcode in discovery would have been disclosed in an arbitration proceeding as well. *See id.* at 12. Mitsubishi concedes that Westcode had to disclose approximately 650 pages of documents, but Mitsubishi claims that it already had at least 520 of these pages in its possession. *See id.* Mitsubishi further claims that the vast majority of these documents are "simply the underlying agreements and communications between the parties that form the basis of this case[,]" and not anything to do with "Westcode's strategy or approach to the case." *Id.*

Finally, Mitsubishi claims that since the Court found that the MOU is subject to arbitration, the entire case should now be sent to arbitration, including all claims in both cases. *See id.* at 14. Mitsubishi asserts that it intends to file an arbitration demand expeditiously, and that it would file such a demand even before the Court ruled on the instant motion. *See id.*

In response, Westcode generally argues that Mitsubishi fails to point to any controlling law that the Court overlooked or any intervening change of law, but that instead Mitsubishi is merely trying to "present new arguments and theories" or to reargue theories that have already

been rejected. *See* Dkt. No. 72 at 4. Specifically, Westcode claims that "[i]t should be impossible for Mitsubishi to even argue 'with a straight face' that it did not know that its MOU claim arose under the projects covered by the JVAs." *See id.* at 7. Westcode further claims that Mitsubishi did not move for a stay of discovery until over a year after it commenced the MOU Action, and only after Mitsubishi received "unfettered discovery" from Westcode. *See id.* at 8. Westcode also included a table of all the activity in the MOU Action, demonstrating the amount of litigation that has occurred in that action. *See id.* at 9-12. Westcode also argues that the Court correctly found that Westcode suffered prejudice as a result of Mitsubishi's litigation activity. Westcode contends that it had to fully brief its litigation strategy and disclose factual detail and a "road map of Westcode's case" in a 49 paragraph declaration that would never be required in an arbitration proceeding. *See id.* at 15. Finally, Westcode argues that Mitsubishi's request to compel arbitration on all claims in both cases should be denied since a motion for reconsideration is not the proper method to seek such relief. *See id.* at 16.

**B.    Standard of Review**

Motions for reconsideration proceed in the Northern District of New York under Local Rule 7.1(g). *See Maye v. New York*, No. 1:10-cv-1260, 2011 WL 4566290, *2 n.6 (N.D.N.Y. Sept. 29, 2011). "'In order to prevail on a motion for reconsideration, the movant must satisfy stringent requirements.'" *Id.* (quoting *C–TC 9th Ave. P'ship v. Norton Co. (In re C–TC 9th Ave. P'ship)*, 182 B.R. 1, 2 (N.D.N.Y. 1995)). A motion for reconsideration "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc*., 70 F.3d 255, 257 (2d Cir. 1995). "The prevailing rule 'recognizes only three possible grounds upon which motions for reconsideration may be granted;

4

they are (1) an intervening change in controlling law, (2) the availability of new evidence not previously available, or (3) the need to correct a clear error of law or prevent manifest injustice.'" *Maye*, 2011 WL 4566290, at *2 (quoting *In re C–TC 9th Ave. P'ship*, 182 B.R. at 3). "[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided." *Shrader*, 70 F.3d at 257.

**C.  Analysis**

The Court notes that, as a general matter, Mitsubishi has failed to demonstrate any of the three possible grounds upon which a motion for reconsideration may be granted. Mitsubishi has not pointed to any intervening change of controlling law or the availability of new evidence that was not previously available. Likewise, Mitsubishi has not pointed to any error of law in the Prior Decision or any manifest injustice as a result thereof. Nevertheless, the Court will discuss each of Mitsubishi's specific claims below.

*1. The Law of Waiver*

Mitsubishi argues that the Court misapplied the law of waiver in the Prior Decision. Mitsubishi claims that it cannot have intentionally waived its right to compel arbitration since it did not know that it possessed the right to arbitrate claims arising out of the MOU. The Court finds this argument unpersuasive. In the Prior Decision, the Court held that obligations arising out of the MOU that form the basis of Mitsubishi's breach of contract claim fall well within the JVAs' broad mandate to arbitrate any claims arising out of the Projects. *See* Dkt. No. 69 at 14. Mitsubishi has not refuted this analysis or pointed to any law that contradicts this analysis. Mitsubishi is well aware of how broad the arbitration provisions in the JVAs are and that a presumption in favor of arbitration applies to such clauses. *See* Dkt. No. 21 at 8-9. It is hard to believe that Mitsubishi did not "know" that its claims under the MOU were arbitrable,

5

considering Mitsubishi's argument regarding the broad arbitration clauses in the JVAs, *see id.*, and considering the fact that the obligations in the MOU that gave rise to Mitsubishi's breach of contract claim clearly "touch matters" that are within the scope of the JVAs' broad arbitration provisions. Dkt. No. 69 at 14. Moreover, the Court notes that as early as September of 2015, Westcode pointed out that if the claims under the JVAs are arbitrable, then surely Mitsubishi's breach of contract claim under the MOU is arbitrable. Westcode argued as follows:

> The claim pending in the Northern District of New York is for failing to make payments allegedly due under the MOU. But the payments in the MOU were for the R142A, R142 and R160 projects. The MOU expressly states that it amends and/or supplements the terms of the existing contracts for R142A, R143, R160 and PATH. The MOU, P. 1, first and third "Whereas" clauses. Counts II and III of the complaint in this case are for payments due under those same projects and contracts. In other words, according to Mitsubishi, arbitration only applies when Westcode brings the claims – not Mitsubishi.

Dkt. No. 22 at 20-21. As such, not only was Mitsubishi aware of the broad arbitration clauses in the JVAs regarding payments that arose out of the Projects, but Westcode actually raised the issue of arbitrability in September of 2015. Further, Mitsubishi has not pointed to any authority refuting the Court's finding that the merger clause in the MOU does not act as a barrier to the broad arbitration clauses in the JVAs governing disputes that arise out of the Projects. *See* Dkt. No. 69 at 16.

Mitsubishi also argues that the Court erred in considering Mitsubishi's conduct in the MOU Action because Mitsubishi has acted consistently with respect to which claims are arbitrable and which claims are not. *See* Dkt. No. 70-1 at 8-10. The Court cited *PPG Indus., Inc. v. Webster Auto Parts, Inc.*, 128 F.3d 103, 107 (2d Cir. 1997) in support of the Court's finding that "any actions undertaken by Mitsubishi in an attempt to litigate the MOU claims are relevant to the inquiry as to whether Mitsubishi has waived its right to enforce the arbitration provisions

6

against Westcode's causes of action in the JVA Action." Dkt. No. 69 at 18. Mitsubishi argues that *PPG Indus.* is distinct from the present case. The Court acknowledges the distinctions between that case and the present case, but Mitsubishi has not refuted the Court's finding that Mitsubishi's claims under the MOU are subject to the JVAs' broad arbitration clauses regarding any disputes arising out of the Projects. Without refuting that, the Court properly relied on *PPG Indus.* in its finding that Mitsubishi's conduct in the MOU Action is relevant to a waiver analysis, particularly because Mitsubishi pursued litigation in the MOU Action on claims that are arbitrable.

Moreover, to the extent that Mitsubishi argues that its actions have been consistent with its "well-founded" belief that its claims arising from the MOU are not subject to arbitration, the Court again finds that the present case is distinguishable from *LG Electronics, Inc. v. Wi-Lan USA, Inc.*, 623 Fed. Appx. 568 (2d Cir. 2015), where the defendant "colorably maintained" that the claims it was pursuing were not subject to an arbitration clause contained in a separate agreement. 623 Fed. Appx. at 569-70. In that case, the defendant moved to compel the entire case to arbitration just two weeks after the arbitrability issue arose. *See id.* Here, the arbitrability issue was raised as early as September of 2015, before Mitsubishi filed a motion for summary judgment in the MOU Action. *See* Dkt. No. 22 at 20-21. Mitsubishi only now "welcomes" arbitration of all claims after the Court found that Mitsubishi waived its right to compel arbitration.[2]

In sum, Mitsubishi has failed to demonstrate any grounds for the Court to reconsider its decision with respect to Mitsubishi's claims regarding the law of waiver.

---

[2] The Court will discuss Mitsubishi's current argument that the entire action should be sent to arbitration below.

7

*2. Prejudice*

Mitsubishi argues that the Court erred in finding that Westcode has suffered prejudice. *See* Dkt. No. 70-1 at 10. Mitsubishi contends that the Court did not identify any specific litigation strategy that Westcode was required to reveal that would give Mitsubishi an advantage in arbitration. *See id.* at 11. Mitsubishi also claims that many of the documents that Westcode was required to disclose in discovery were already in Mitsubishi's possession. *See id.* at 12. Finally, Mitsubishi argues that any documents disclosed that Mitsubishi did not already have possession of would have also been disclosed in arbitration. *See id.* at 13. Accordingly, Mitsubishi claims that Westcode did not suffer any prejudice.

It appears that most of Mitsubishi's arguments are merely an attempt to relitigate what the Court already decided in the Prior Decision. The Court noted that Mitsubishi delayed moving to compel arbitration in both actions. In the JVA Action, Mitsubishi removed the case to the Eastern District of Pennsylvania, then filed a motion to dismiss or transfer, and once the case was transferred, the parties were required to file supplemental briefs on the pending motions. *See* Dkt. No. 69 at 22-23. The Court found that significant resources were expended on resolving the issues of the JVA Action through litigation, while Mitsubishi could have moved to compel arbitration immediately. *See id.* at 23. Likewise, the Court found prejudice due to Mitsubishi's continued litigation in the MOU Action. The Court noted that Mitsubishi did not move to stay further litigation when it moved to compel arbitration, and as a result, Westcode had to respond to Mitsubishi's motion to dismiss the counterclaims and its motion for summary judgment. *See id.* The Court also noted the costs and fees that Westcode has incurred from litigation in the two actions. *See id.* at 24. Mitsubishi argues that "incurring legal expenses inherent in litigation, without more, is insufficient evidence of prejudice to justify a finding of waiver," Dkt. No. 70-1

at 11, but the Court did not find prejudice solely based on litigation costs. The Court considered the resources, time, and costs in both actions, coupled with the fact that Westcode had to submit numerous briefs on several dispositive motions which revealed its litigation strategy, and found that all of this weighed in favor of finding prejudice. Mitsubishi has offered nothing to refute the Court's finding that Mitsubishi's actions in both cases weigh in favor of finding waiver.

Mitsubishi contends that the Court did not specifically identify any legal strategy that Westcode was required to disclose. Westcode argues that it had to fully brief its legal strategy and set forth the "road map" of its case in a 49 paragraph declaration of Edward J. Widdowson, the CEO of Westcode. *See* Dkt. No. 72 at 15. While the parties dispute the extent to which Westcode would have to reveal its litigation strategy in arbitration, the Court notes that Mr. Widdowson's declaration is quite extensive and contains information that was not available in Westcode's answer or counterclaims. *See* 15-cv-505, Dkt. No. 44-2. Clearly some of Westcode's legal strategy was revealed to Mitsubishi through Westcode's briefing and declarations.

Likewise, Mitsubishi argues that, although Westcode was required to produce 650 pages of documents, Mitsubishi already possessed at least 520 pages. *See* Dkt. No. 78-1 at 12. The Court notes that its finding of prejudice was not solely based on the amount of documents that Westcode was required to produce, but that this was merely another fact that weighed in favor of a finding of prejudice. *See* Dkt. No. 69 at 24. Mitsubishi has not refuted this finding. Even if Mitsubishi did possess 520 pages of documents, that still leaves well over 100 pages of documents that Westcode was required to produce. Mitsubishi also argues that these documents would be available in arbitration. However, the Court did not definitively find in the Prior Decision that such documents would be unavailable in arbitration, but instead held that, while it is

9

unclear whether this evidence would be available in arbitration proceedings, such substantial disclosure weighs in favor of finding waiver.

In sum, the Court based its finding of prejudice on a number of different factors, including the significant resources expended in litigation, the extent to which Westcode was required to reveal its litigation strategy, and the substantial mandatory disclosures that Westcode made in discovery. Mitsubishi has not pointed to any change in law, any new evidence that was not previously available, or the need to correct a clear error of law. Mitsubishi merely attempts to relitigate the issues that were before the Court originally. Accordingly, the Court will not reconsider its finding that Westcode suffered prejudice.

### *3. Whether the Entire Case Should be Sent to Arbitration*

Mitsubishi argues that, in light of the Court's finding that the MOU is subject to arbitration, all claims in both cases should be sent to arbitration. *See* Dkt. No. 70-1 at 14. Mitsubishi claims that it "intends to file an arbitration demand expeditiously" and is "prepared to issue its arbitration demand even before this Court rules on this motion." *Id.*

The Court acknowledges that arbitration is favored in resolving disputes that involve international commerce. *See Louis Dreyfus Negoce S.A. v. Blystad Shipping & Trading Inc.*, 252 F.3d 218, 223 (2d Cir. 2001) (citing *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 631 (1985)). However, the Court found in the Prior Decision that Mitsubishi has waived its right to compel arbitration of Westcode's claims in the JVA Action (and the Court found in its decision in the MOU Action that Mitsubishi has waived its right to compel arbitration of Westcode's counterclaims in that action). *See* Dkt. No. 69 at 25; 15-cv-505, Dkt. No. 74 at 21-22. In light of that finding, and specifically, in light of the Court's finding that Westcode suffered

prejudice as a result of Mitsubishi's continued pursuit of litigation, the Court will not now compel arbitration of both cases. Accordingly, the Court declines to send the entire case to arbitration.[3]

## IV. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Mitsubishi's motion for reconsideration (Dkt. No. 70) is **DENIED**; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local rules.

**IT IS SO ORDERED.**

Dated: March 29, 2017
Albany, New York

Mae A. D'Agostino
U.S. District Judge

---

[3] Although the Court will not compel arbitration of both cases, the Court urges the parties to consider that arbitration is favored in resolving disputes that involve international commerce.